a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DESI LAMONT DOWLES JR #759639, Petitioner | CIVIL DOCKET NO. 5:24-CV-00652 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHELE DAUZAT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and corresponding Motion for Writ of Mandatory Injunction (ECF No. 2), filed by pro se Petitioner Desi Lamont Dowles, Jr. ("Dowles"). Dowles is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Dowles challenges his conviction and sentence in the Fifth Judicial District Court, Richland Parish, Louisiana.

Because Dowles cannot challenge the validity of his conviction and sentence under § 2241, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE and the corresponding Motion (ECF No. 2) should be DENIED.

I. **Background**

Dowles pleaded guilty to one count of manslaughter and one count of attempted armed robbery. He was sentenced to consecutive sentences of 35 years at hard labor for manslaughter and 15 years at hard labor for armed robbery. The sentences were ordered to run consecutively. *State v. Dowles*, 54,483, p. 2 (La.App.

1

2 Cir. 5/25/22); 339 So.3d 749. Dowles appealed, arguing that his sentence is excessive. The Louisiana Second Circuit Court of Appeal affirmed, and Dowles sought no further review. *Id.*

## II. Law and Analysis

Rule 4 of the Rules Governing § 2254 Cases provides that "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This rule applies equally to cases brought under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

Habeas petitions filed pursuant to § 2241 are generally used to challenge the manner in which a sentence is executed, *see Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000), or to raise infirmities in pre-trial proceedings, such as violations of the state speedy trial act, double jeopardy, or improper bond conditions, *see Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998). Petitioners challenging the legality of an underlying state conviction or sentence must file a § 2254 petition. *See id.*; *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995).

Dowles's claim that the trial court lacked subject matter jurisdiction to convict him, and that his resulting detention is unlawful, necessarily challenges the validity of his conviction. Therefore, Dowles must seek relief under § 2254. *See Propes v. District Attorney Office*, 445 F. App'x 766, 767 (5th Cir. 2011); *Dooley v. Goodwin*,

2

5:16-CV-1319, 2016 WL 9528070, at *2 (W.D. La. 2016); *Williams v. Cain*, No. 14-CV-1517, 2015 WL 4647947, at *2 (E.D. La. 2015); *Smith v. Stephens*, No. 4:13–CV–544, 2013 WL 3456675 (N.D. Tex. 2013); *Sims v. Cooper*, 12-CV-409, 2012 WL 5463909, at *2 (E.D. La. Oct. 11, 2012).

The Court may construe the § 2241 Petition as a § 2254 Petition. *Wallace v. Louisiana State*, 23-30687, 2023 WL 8826949, at *1 (5th Cir. 2023) (citing *Hartfield v. Osborne*, 808 F.3d 1066, 1071-73 (5th Cir. 2015). However, relief under § 2254 is not available until the petitioner has exhausted all available state remedies. *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Also, once a § 2254 petition is filed, the petitioner becomes subject to the restrictions regarding second and successive petitions. 28 U.S.C. § 2244.

Dowles does not allege exhaustion through the Louisiana Supreme Court. He may file a § 2554 Petition after all potential claims have been fully exhausted through the Louisiana Supreme Court.

## III. Conclusion

Because Dowles cannot proceed under § 2241, and he has not alleged complete exhaustion, the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE and the corresponding Motion (ECF No. 2) should be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, June 4, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE